# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

   vs.                                                            1:20-cr-0079 KWR

JAMES KIRK,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Preserve Right to Jury Trial, filed April 21, 2020 **(Doc. 22)**. Having reviewed the parties' pleadings and considered the controlling law, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED**.

Defendant moves that this Court (1) instruct the jury that they can return a not guilty verdict if they find Defendant guilty but believe conviction otherwise unjust, and (2) instruct the jury about the sentencing consequences. Defendant attached the proposed instructions to his motion.

In short, both requests are denied because the Tenth Circuit has squarely addressed both arguments and rejected them. *See United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016). Defendant apparently seeks a change in Tenth Circuit and United States Supreme Court law. However, this Court is bound by such precedent.

**DISCUSSION**

I.    <u>**Defendant is Not Entitled to a Jury Nullification Instruction**</u>.

Defendant requests that the Court instruct the jurors that they can return a verdict of not guilty if they find Defendant guilty but believe conviction to be unjust. While a jury may choose to disregard the application of law to facts when rendering its verdict, the Tenth Circuit has repeatedly affirmed that a Defendant is not entitled to an instruction advising or encouraging the jury to exercise the power of nullification. *See Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) ("We note here that there is no right to jury nullification."); *United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016); *United States v. Rith*, 164 F.3d 1323, 1339 (10th Cir. 1999) ("To the extent the defendant's appeal seeks to permit jury nullification, the law is clear: a criminal defendant is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law." (citing *United States v. Grismore*, 546 F.2d 844, 849 (10th Cir. 1976))). In *United States v. Gonzalez*, the Tenth Circuit framed the power of nullification as contrary to the juror's oath, and stated that "[w]hile we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath." 596 F.3d 1228, 1237 (10th Cir. 2010) (quoting *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983)). Therefore, Defendant is not entitled to instruct the jury that it may disregard the law.

II.    <u>**Defendant is Not Entitled to a Jury Instruction on Sentencing Information**</u>.

Defendant also requests that the Court instruct the jury about the potential sentencing consequences. However, "it is firmly established that when the jury has no sentencing function, as was the case here, it 'should reach its verdict without regard to what sentence might be

imposed.'" *United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016), *quoting in part Rogers v. United States,* 422 U.S. 35, 40, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975).

Defendant is charged with being a felon in possession of ammunition in violation of 18 U.S.C. 922(g)(1).  Defendant asserts that the guideline range and possible application of a fifteen-year minimum under the Armed Career Criminal act is unjust and draconian.

"The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged."  *Shannon v. United States*, 512 U.S. 573, 579 (1994). Sentencing information is, therefore, irrelevant to the jury's function unless Congress has indicated a statutory intent for the jury to consider sentencing. *See, e.g.*, *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) ("Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties."). The Tenth Circuit has stated: "The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.  Breach of this standard has often been grounds for reversal…Absent a statutory requirement that the jury participate in the sentencing decision, nothing is left 'for jury determination beyond the guilt or innocence of an accused.'" *United States v. Greer,* 620 F.2d 1383, 1384–85 (10th Cir. 1980) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975); *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)). Thus, "[i]t is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon*, 512 U.S. at 579 (citing *Rogers*, 422 U.S. at 40).

Here, Defendant does not point to any statute requiring jury participation in sentencing for these charges.  Therefore, instructing the jury on the consequences of sentencing is improper in this case.

Defendant argues that the United States Supreme Court would likely reverse Tenth Circuit cases that reject jury nullification. Although Defendant points to 18th and 19th century cases and writings, he has not pointed to any intervening Supreme Court case that has overruled the Tenth Circuit cases above. Although the Supreme Court could possibly create new law on this issue in a future decision, this Court is bound by the published decisions of the Tenth Circuit.

## CONCLUSION

For the reasons above, the Court finds that Defendant's Motion to Preserve Right to Jury Trial is not supported by the current law of the Tenth Circuit, and the Court rejects the proposed jury instructions. Defendant and Defense counsel may not raise jury nullification or possible sentencing consequences to the jury during trial or during voir dire and may not encourage the jury to ignore the Court's instructions.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Preserve Right to Jury Trial **(Doc. 22)** is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE